# EXHIBIT "A"

Received
10·10·17

# NICHOLAS P. SCUTARI
*ATTORNEY AT LAW*
1508 EAST ST. GEORGE'S AVENUE
LINDEN, NEW JERSEY 07036
PHONE (908) 925-1956
FAX (908) 925-1957
scutarilaw@yahoo.com

CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

Member NJ & NY Bars

October 4, 2017

U.S Xpress Inc.
4080 Jenkis Rd
Chattanooga, TN 37421

      Re: Oliveira v. U.S. Xpress Inc. et, al.
      Docket No.: UNN-L-3522-17

Dear Sir/Madam:

    Enclosed herein please find a copy of Summons and Complaint in connection with the above matter. Service is being made by virtue of Rule 4:4-4 ©.

    Under the laws of New Jersey, you have thirty-five days in which to file an Answer to said Complaint or a default judgment may be entered against you. I suggest you turn these papers over to your insurance carrier or personal attorney.

                                    Very truly yours,

                                    NICHOLAS P. SCUTARI

NPS/JC
CM/RRR 7014 1820 0001 4916 4828

Nicholas P. Scutari, Esq. 025601993
1508 East St. Georges Avenue
Linden, NJ 07036
(908) 925-1956
Attorneys for Plaintiff

| | | |
|---|---|---|
| Antonio Oliveira | : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY |
| Plaintiff, | : | DOCKET NO.: UNN-L-3522-17 |
| Vs. | : | |
| U.S. Xpress Inc., et al. | : | *Civil Action*<br><br>**SUMMONS** |
| Defendant(s). | : | |

## *U.S Xpress Inc.*

    YOU ARE HEREBY SUMMONDED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court, CN-971, Trenton, New Jersey, 08625, in accordance with the rules of civil practice and procedure.

    If you cannot afford to pay an attorney, call Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free at 800-792-8315 (within New Jersey) or 609-394-1101 (from out of state). The phone numbers for the county in which this action is pending are: Lawyer Referral Service, (732) 828-0053, Legal Aid and Legal Services Office (732) 249-7600.

Dated: October 4, 2017

                                                                    /s/ *Michelle M. Smith*
                                                                            Clerk of the Superior Court

Name of Defendant to be served: U.S. Xpress Inc.
Address for service: 4080 Jenkis Rd, Chattanooga, TN 37421

Nicholas P. Scutari, Esq. 025601993
1508 E. St. Georges Avenue
Linden, NJ 07036
(908) 925-1956
Attorneys for Plaintiff

| | | |
|---|---|---|
| **ANTONIO OLIVEIRA** | : | SUPERIOR COURT OF NEW JERSEY |
| | | LAW DIVISION:UNION COUNTY |
| Plaintiff, | : | DOCKET NO.: UNN - L - 3522 -17 |
| Vs. | : | *Civil Action* |
| **U.S. XPRESS INC., DON LYNN BARBEE** And **JOHN DOES 1-10** unknown Individuals responsible for the Accident in question | : | COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL ATTORNEY, DEMAND FOR INSURANCE INFORMATION, NOTICE TO PRODUCE, DEMAND FOR ANSWERS TO INTERROGATORIES. |
| Defendant | : | |

Plaintiff, **ANTONIO OLIVEIRA**, of Linden, New Jersey, by way of complaint against the defendants, says:

### FIRST COUNT

1. On or about the 23rd day of December 2015, the plaintiff **ANTONIO OLIVEIRA** was the owner and operator of a motor vehicle that was traveling on 181 ramp approaching the intersection of North Avenue East and Dowd Avenue in the City of Elizabeth, County of Union and State of New Jersey.

2. At the time and place aforesaid, the defendant, **U.S. XPRESS INC.**, was the owner of a commercial vehicle being operated by defendant **DON LYNN BARBEE** who was traveling on 181 ramp approaching the intersection of North Avenue East and Dowd Avenue in the City of Elizabeth, County of Union and State of New Jersey.

3. As a direct and proximate cause of the negligence of the defendants in the operation, control and supervision of their motor vehicle, a collision occurred and the plaintiff was caused to sustain severe injuries; he was caused to suffer great pain and anguish and will in the future continue to endure great pain and suffering; he was caused to incur medical expenses and will in the future continue to incur medical expenses.

**WHEREFORE**, plaintiff **ANTONIO OLIVEIRA** hereby demands judgment against the defendant jointly, severally or in the alternative for damages together with counsel fees and costs of suit.

## SECOND COUNT

1. The plaintiff, **ANTONIO OLIVEIRA** repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

2. Defendants, **JONH DOES 1-10** (names unknown) being individuals or entities who were responsible for the ownership, operation, maintenance, control, supervision and/or repair of the subject vehicle, were negligent in the manner in which the said vehicle was owned, operated, maintained, controlled, supervised and/or repaired.

3. As a direct and proximate result of the negligence of defendants, **JOHN DOES 1-10** (names unknown), the plaintiff, **ANTONIO OLIVEIRA** was caused to suffer injuries; he was caused to suffer great pain and will be caused to suffer great pain in the future; he was caused to incur medical expenses and will be caused to incur medical expenses in the future; and he was caused to suffer permanent injury.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly, severally or in the alternative for damages, interest, plus costs of suit on this Count.

## JURY DEMAND

**PLEASE TAKE NOTICE** that the plaintiff, pursuant to R. 4:35-1, demands a trial by jury as to all issues.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to Rule 4:17-1, the plaintiff hereby demands answers to Uniform Interrogatories Form C Personal Injury Interrogatories and Uniform Interrogatories Form C (1) of all defendants within the time prescribed by the Rules of Court.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2 (b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under

which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

## NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following request are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page there from.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action,

any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise related to the incident in question or any potential defense to the action in qu4estion.

7. Copies of any and all discovery received from any other parties to the action in question.

8. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

9. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

10. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

11. Plaintiff objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

12. All of the cellular phone and account numbers registered in the name of the defendant or primarily used by the defendant on the day of the accident, the carrier and copies of billing statement for the month and specific date of the motor vehicle accident in question.

13. Any and all social media information concerning the plaintiff including but not limited to Facebook, Instagram, Twitter, YouTube, blogs or any other World Wide Web information the defendant intends on relying upon.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that attorney, **NICHOLAS P. SCUTARI, ESQUIRE**, is hereby designated as trial counsel in the above captioned litigation, pursuant to R. 4:25-4.

Attorney for Plaintiff

DATED: October 3, 2017

NICHOLAS P. SCUTARI

## CERTIFICATION PURSUANT TO R. 4:5-1

**I, NICHOLAS P. SCUTARI**, of full age, do hereby certify:

1. I am an attorney at law of the State of New Jersey, and attorney for the plaintiffs in the above-captioned matter.

2. To the best of my knowledge, information and belief there is no other action pending about the subject matter of this Complaint in any Court or arbitration proceeding.

DATED: October 3, 2017

NICHOLAS P. SCUTARI



Nicholas D. Seutari
Attorney at Law
1508 East St. Georges Avenue
Linden, New Jersey 07036

U.S Xpress Inc.
4080 Jenkis Rd
Chattanooga, TN 37421

Received
10-10-17

7014 1820 0001 4916 4828

CERTIFIED MAIL